**Milo Petranovich**, OSB No. 813376
petranovichm@lanepowell.com
**Peter D. Hawkes**, OSB No. 071986
hawkesp@lanepowell.com
LANE POWELL PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2114

Attorneys for Defendant Integrity Bank & Trust, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HARRY AND UNNA ALBERS, *et al.*, | Case No. 3:16-cv-02239-AC |
| Plaintiffs, | |
| v. | LIMITED JUDGMENT OF DISMISSAL OF DEFENDANT INTEGRITY BANK & TRUST, INC. |
| DELOITTE & TOUCHE LLP; SIDLEY AUSTIN LLP; TONKON TORP LLP; and INTEGRITY BANK & TRUST, | |
| Defendants. | |

### **LIMITED JUDGMENT, INCLUDING PERMANENT INJUNCTIONS**

This matter came before the Court on the Motion of Integrity Bank & Trust, Inc., for entry of a limited judgment of dismissal to be entered pursuant to, and in accordance with, a settlement agreement executed in September 2019 (the "Settlement Agreement"). Upon its entry, this limited judgment (the "Limited Judgment") (a) dismisses all claims against Integrity Bank & Trust, Inc. in this case on the merits and with prejudice as against all the Albers Plaintiffs; (b) releases the Released Claims (as defined herein); (c) permanently enjoins the Albers Plaintiffs from prosecuting any Released Claims against the Integrity Bank Released Parties (as defined herein);

PAGE 1 - LIMITED JUDGMENT OF DISMISSAL OF DEFENDANT
INTEGRITY BANK & TRUST, INC.

(d) permanently enjoins the other defendants in this case, namely, Deloitte & Touche LLP, Sidley Austin LLP, and Tonkon Torp LLP (hereafter referred to collectively and individually as the "Remaining Defendants") from prosecuting any Contribution Claims (as defined herein) against the Integrity Bank Released Parties, and vice versa; and (e) permanently enjoins Future Defendants (as defined herein) from prosecuting any Contribution Claims against the Integrity Bank Released Parties, and vice versa.

The Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises thereof and good cause appearing therefore,

**NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED** that:

1. As used in this Limited Judgment, the following terms shall have the following meanings:

    a. "Albers Plaintiff(s)" refers to, individually and collectively, each and all of the named plaintiffs in this case, and any of their successors, assigns, legal representatives, and heirs.

    b. "Aequitas Securities" shall refer to any security issued or sold by any Receivership Entity.

    c. "Contribution Claim(s)" shall mean any past, present, or future claim for contribution, whether asserted as a cross-claim, third-party claim, or stand-alone claim in a separate action, and shall include any claim for contribution claim arising under ORS 59.115(3), and/or any other past, present, or future claim seeking recovery, reimbursement, or indemnity, in whole or in part (including, without limitation, equitable indemnity and implied indemnity), for any judgments, damages or other losses (including attorneys' fees), suffered by the person asserting the claim (other than damages or losses due to the diminution in value of any Aequitas Securities purchased by the person asserting the claim); and, as to all of the foregoing, a claim arising from:

PAGE 2 - LIMITED JUDGMENT OF DISMISSAL OF DEFENDANT
           INTEGRITY BANK & TRUST, INC.

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
711269.0003/7816837.1          PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

          1)      any involvement whatsoever either by a Integrity Bank Released Party or by the person asserting the claim in the sale or solicitation of Aequitas Securities, or arising from the aid or participation by either a Integrity Bank Released Party or the person asserting the claim in the sale or solicitation of Aequitas Securities; or

          2)      any involvement whatsoever by an Integrity Bank Released Party or by the person asserting the claim in the purchase, issuance, sale, or solicitation of the sale of any Aequitas Securities; or

          3)      any financial, custodial, or trust services an Integrity Bank Released Party performed for any entity within the Receivership Entity; provided further, however, that a Contribution Claim must arise from or be based on (i) a claim asserted by any Albers Plaintiff in this case; or (ii) a claim asserted by any Albers Plaintiff against a Future Defendant.

        As an example, and without limiting the application of this section if 1.c, an Albers Plaintiff sued a Future Defendant, and that Future Defendant asserted, either in the same action or in a separate action, a claim for contribution against Integrity Bank & Trust, Inc. under ORS 59.115(3), that claim by the Future Defendant against Integrity Bank & Trust, Inc. would be a Contribution Claim, and the prosecution of such Contribution Claim would be enjoined by this Limited Judgment.

        d.      "Future Defendant" refers to any person sued by any Albers Plaintiff in any action other than this Action, and in any tribunal, in which the Albers Plaintiff asserts any claim arising under the Oregon Securities Laws, ORS Ch. 59, including any subsections thereof.

        e.      "Receiver" shall refer to Ronald F. Greenspan, the Court-appointed receiver for the Receivership Entity pursuant to the Receivership Order.

        f.      "Receivership Entity" is, individually and collectively, Aequitas Management, LLC, Aequitas Holdings, LLC, Aequitas Commercial Finance, LLC, Aequitas Capital Management, Inc., Aequitas Investment Management, LLC, and each of their 43 subsidiaries and/or majority owned affiliates, as set forth on Exhibit A of the Receivership Order

PAGE 3 -  LIMITED JUDGMENT OF DISMISSAL OF DEFENDANT
          INTEGRITY BANK & TRUST, INC.

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
711269.0003/7816837.1          PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

(as defined herein). For the avoidance of doubt, "Receivership Entity" shall refer to all entities comprising the Receivership Entity, both individually and collectively.

      g.      "Receivership Order" shall mean the Final Order Appointing Receiver in *SEC v. Aequitas Management, LLC, et al*, No. 3:16-cv-00438-JR (originally -PK) signed by Judge Papak on April 14, 2016, ECF No. 156.

      h.      "Released Claims" shall mean:

      1)      All claims which any Albers Plaintiff had or held in any capacity, currently has, or may in the future have, against the Integrity Bank Released Parties, and all claims which an Integrity Bank Released Party had or held in any capacity, currently has, or may in the future have, against any Albers Plaintiff, regardless of whether such claims are direct or indirect, known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, now existing or hereafter arising, provided that any such claim:

      a)      arises out of the conduct, transactions, or occurrences set forth or attempted to be set forth in the pleadings in this Action, including such claims that have been asserted or could have been asserted, as well as claims that might be able to be asserted in the future; or

      b)      relates in any other way to the purchase, issuance, sale, or solicitation of the sale of any Aequitas Securities; or

      c)      relates to or arises out of any financial, custodial or trust services Integrity Bank performed for any entity within the Receivership Entity; and/or

      2)      Contribution Claims, whether now existing or hereafter arising, even if arising after the effective date of the Settlement Agreement, and even if arising after final court approval(s) thereof; and

      3)      With respect to all of the foregoing claims, in h.-(1) and h.-(2), claims regardless of the form of relief sought, including, but not limited to, claims for damages,

PAGE 4 - LIMITED JUDGMENT OF DISMISSAL OF DEFENDANT
INTEGRITY BANK & TRUST, INC.

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
711269.0003/7816837.1    PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

attorneys' fees, costs, interest, and any other sums of money whatsoever, restitution, accounting, and also for any other form of legal or equitable relief.

        i.     "Remaining Defendants" refers to, individually and collectively, Deloitte & Touche LLP, Sidley Austin LLP, and Tonkon Torp LLP.

        j.     "Integrity Bank & Trust, Inc." means Integrity Bank & Trust, Inc., a Colorado corporation.

        k.     "Integrity Bank Released Parties" shall include Integrity Bank & Trust, Inc., Integrity Trust Company, a Colorado corporation, and each of their respective directors, officers, employees, nominees, shareholders, and insurers.

        l.     Any other capitalized terms not defined herein shall have the meanings assigned to them in the Settlement Agreement.

2.     This Court has jurisdiction to enter this Limited Judgment. The Court has subject matter jurisdiction over this case and personal jurisdiction over all parties to this case.

3.     A full and fair opportunity was also accorded to the Remaining Defendants to be heard with respect to the Settlement Agreement, including this Limited Judgment. It is therefore hereby adjudged that all Albers Plaintiffs, Integrity Bank & Trust, Inc., and all Remaining Defendants are bound by this Limited Judgment regardless of the ultimate disposition of personal jurisdiction of this Court over any Future Defendants.

4.     All the claims against Integrity Bank & Trust, Inc. in this Action are hereby dismissed on the merits and with prejudice as to the Albers Plaintiffs.

5.     Integrity Bank & Trust, Inc. and the Albers Plaintiffs are to bear their own costs and attorneys' fees.

6.     The Albers Plaintiffs are permanently enjoined from prosecuting any of the Released Claims against any Integrity Bank Released Parties.

7.     The Remaining Defendants, and all officers, partners, agents, servants, employees, attorneys, successors, assigns, and insurers of any of the foregoing, and all in active concert with

PAGE 5 -  LIMITED JUDGMENT OF DISMISSAL OF DEFENDANT
            INTEGRITY BANK & TRUST, INC.

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
711269.0003/7816837.1     PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

any of the foregoing, are forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any Contribution Claim against any of the Integrity Bank Released Parties. All Integrity Bank Released Parties, and all officers, partners, agents, servants, employees, attorneys, successors, assigns, and insurers of any of the Integrity Bank Released Parties, and all in active concert with any of the foregoing, are forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any Contribution Claim against any of the Remaining Defendants, and all officers, partners, agents, servants, employees, attorneys, successors, assigns, and insurers of any of the foregoing.

8. All Future Defendants, and all officers, partners, agents, servants, employees, attorneys, successors, assigns, and insurers of any Future Defendant, and all in active concert with any of the foregoing, are forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any Contribution Claim against any Integrity Bank Released Party. In the event any Albers Plaintiff obtains a judgment against any Future Defendant based on a claim which, if asserted against a Integrity Bank Released Party would be a Released Claim, that judgment shall be reduced by the gross dollar amount (i.e., before any deduction for attorneys' fees) the Albers Plaintiff received pursuant to the Settlement Agreement. All Integrity Bank Released Parties, and all officers, partners, agents, servants, employees, attorneys, successors, assigns, and insurers of any of the Integrity Bank Released Parties, and all in active concert with any of the foregoing, are forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any Contribution Claim against any Future Defendants.

9. The fact and terms of the Settlement Agreement, this Limited Judgment, and all negotiations, discussions, drafts and proceedings in connection with the settlement among the Albers Plaintiffs and their attorneys and Integrity Bank & Trust, Inc. (collectively, the "Settlement"), and any act performed or other document signed in connection with the Settlement:

    a. shall not be offered by anyone or received against the Integrity Bank Released Parties as evidence of, or construed as, or deemed to be evidence of, any presumption,

PAGE 6 - LIMITED JUDGMENT OF DISMISSAL OF DEFENDANT
INTEGRITY BANK & TRUST, INC.

concession or admission by any of the Integrity Bank Released Parties with respect to the truth of any fact alleged in the Action, or the validity, or lack thereof, of any claim, or the deficiency of any defense that was or could have been asserted in this case, or in any litigation, in this or any other court, administrative agency, arbitration forum or other tribunal, or of any liability, negligence, fault or wrongdoing of any of the Integrity Bank Released Parties;

        b. shall not be offered by anyone or received against the Integrity Bank Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Integrity Bank Released Party, or against any of the Albers Plaintiffs or Integrity Bank Released Parties as evidence of any infirmity in the claims or defenses that have been or could have been asserted in this case;

        c. shall not be offered by anyone or received against the Integrity Bank Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Integrity Bank Released Parties in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement; provided, however, that the Integrity Bank Released Parties may refer to and rely on any part or aspect of the Settlement to effectuate the protection from litigation and liability granted them under the Settlement, including this Limited Judgment;

        d. shall not be construed against the Albers Plaintiffs as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

        e. shall not be construed as or received in evidence as an admission, concession or presumption against the Albers Plaintiffs that any of their claims are without merit or that damages recoverable under their operative complaint would not have exceeded the Settlement Amount.

PAGE 7 -  LIMITED JUDGMENT OF DISMISSAL OF DEFENDANT
             INTEGRITY BANK & TRUST, INC.

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

711269.0003/7816837.1

10.     The Integrity Bank Released Parties may file the Settlement Agreement and/or this Limited Judgment in any other action that may be brought against them in order to support a claim for contempt of court for violation of injunction and/or in order to support any defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.     The Court expressly determines that there is no just reason for delay in entering this Limited Judgment and directs the Clerk of the Court to enter this Limited Judgment pursuant to FRCP 54(b).

12.     Without affecting the finality of this Limited Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation and enforcement of the Settlement; (b) enforcing and administering this Limited Judgment, including the injunctions contained herein; and (c) other matters related or ancillary to the foregoing.

**IT IS SO ORDERED.**

DATED this 2nd day of December 2019.

_____
Honorable John V. Acosta
United States District Court Magistrate Judge

PAGE 8 -   LIMITED JUDGMENT OF DISMISSAL OF DEFENDANT
           INTEGRITY BANK & TRUST, INC.

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
711269.0003/7816837.1           PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200